**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51453**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: November 21, 2024** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| JOSHUA NEIL FEICHKO, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Barbara Buchannan, District Judge; Hon. Susie Jensen, District Judge.

Judgment of conviction and unified sentence of two years, with a minimum period of incarcerate of one year, for possession of a controlled substance and order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Joshua Neil Feichko pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1). In exchange for his guilty plea, an additional charge was dismissed. The district court imposed a unified sentence of two years, with a minimum period of incarceration of one year. Feichko filed an Idaho Criminal Rule 35 motion, which the district court denied. Feichko appeals and contends that the district court abused its discretion in sentencing because it should have suspended his sentence and placed him on probation and abused its discretion by denying his Rule 35 motion.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

Next, we review whether the district court erred in denying Feichko's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Feichko's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Feichko's judgment of conviction and sentence, and the district court's order denying Feichko's Rule 35 motion, are affirmed.